788 So.2d 682 (2001)
Brenda Marie Conrad SPORL
v.
Ronald A. SPORL.
No. 00-CA-1321.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
*683 H. Craig Cabral, Metairie, LA, Counsel for plaintiff-appellee.
Harry J. Boyer, Jr., Frank G. Desalvo, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
JAMES C. GULOTTA, Judge Pro Tempore.
In this child[1] non-support case, this matter is on remand from the Louisiana Supreme Court[2] to this Court.
In an earlier opinion, we concluded that the defendant and father, Ronald A. Sporl, did not appeal from a judgment of the trial court and that judgment was not subject to review. The trial judge, in the January 19, 1999 judgment, concluded that the business of defendant's girlfriend and the defendant's business were "... essentially the same corporation." Based on that finding, the trial judge further concluded that the income of both businesses would be included in the defendant's income in determining child support.
In Sporl's application for writs to the Louisiana Supreme Court his sole assignment of error was this Court's conclusion that the January 19, 1999 judgment was a final judgment, which was not appealed, and as such, no longer subject to review.
The Supreme Court granted writs, and based on that grant, on remand, we consider the issue of whether the interlocutory decree in the January 19, 1999 trial court judgment was appealable. In that decree, the trial judge concluded that the income produced by Ron Sporl Performance, the girlfriend's corporation, shall be included in Sporl's income for the purpose of calculating child support payments and whether the two businesses, Ron Sporl Racing and Ron Sporl Performance, were essentially the same business and was that of the defendant-father.

INTERLOCUTORY JUDGMENT
An interlocutory judgment determines "preliminary matters in the course *684 of the action" and is generally non-appealable. La.Code Civ. P. arts. 1841 and 2083. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal. Bielkiewicz v. Ins. Co. of North America, 201 So.2d 130 (La.App. 3 Cir.1967). Here, the ruling on the sources of Sporl's income was necessary to later accurately calculate Sporl's child support obligations, and thus, determined a preliminary matter. Therefore, when Sporl appealed the trial court's final determination of his child support responsibility, he also properly appealed the trial court's earlier judgment regarding the sources of that income. Accordingly, we review the evidence leading to the interlocutory decree.
The first issue with which we are confronted is whether the trial judge properly concluded that both businesses, the business of the live-in girlfriend and that of the defendant father were one and the same business and one and the same corporation and therefore constituted the income of the father. We find no error.
Gross income, for child support purposes, is defined as the following:
income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from pre-existing spousal support obligations.
La. R.S.9:315(4)(a) (emphasis added).
The trial court's credibility determinations regarding a party's sources of income are entitled to great weight. Roberts v. Roberts, 95-1626 (La.App. 4 Cir.6/5/96), 677 So.2d 1042.
From our appreciation of the evidence, we find no difficulty in determining that both businesses (that of Ronald Sporl and his girlfriend) were one business, from which the defendant derived income. They both operated out of the same establishment for which they shared expenses. Furthermore, while Ronald Sporl repaired engines, the girlfriend's business involved that of selling parts for the repair of those engines. While the girlfriend was president of Ron Sporl Performance and Sporl was president of Ron Sporl Racing, she testified that the title of her business included Sporl's name only because he authorized the use of that name. But she did not compensate him for that use. Additional testimony at the November 6, 1998 hearing (which led to the January 9, 1999 judgment) clearly supports the trial judge's conclusion.
Sporl sold parts for engine repairs as well as repaired engines. In addition, the girlfriend testified that she performed extensive services and duties such as bookkeeping and otherwise for both companies.
Accordingly, we conclude, as did the trial judge, that both business incomes were properly allocated to the income of the defendant Sporl.
Because other issues involved in this appeal concern whether the trial judge granted an increase in child support payments and whether the trial judge properly found defendant in contempt, we also consider whether the income of both corporations can be included in defendant's income for purposes of child support. In this connection, the trial judge concluded that Sporl's 1997 income was $104,982.00. ($8,748.50 per month). He concluded further that the 1997 income of the mother and former spouse was $42,494.27 *685 ($3,541.19 per month). Based on these two incomes, the trial judge found that the parents' total income was $12,289.69 per month. After determining that the appropriate amount was $1,250.00 per month for the support of the child, the trial judge further determined that the father's support should be $887.50 per month. He based this figure on the responsibility of the father for payment of 71% of the child's needs for support. He further concluded that the father would pay 71% of the extraordinary medical expenses including the child's counseling, tutoring and therapy. In addition the trial judge further concluded that the defendant shall pay 71% of the expenses incurred for the child's education at a parochial school.
Turning now to the question of whether the trial judge properly determined Sporl's 1997 incomea total income of $8,748.50 per month, we find that the trial judge was not manifestly erroneous. In addition to the testimony of the parties, the record contains a voluminous amount of exhibits. Included in those exhibits are copies of the income tax returns for the year 1997 (the relevant year in question) of Sporl and Sandra Wammes, defendant's girlfriend. It is clear from those returns, as well as from other exhibits, that the income determinations made by the trial judge were not erroneous. Our analysis shows perhaps additional income than that assigned to Sporl by the trial judge, but in no event less than $104,982.00 for 1997. Based on the testimony, as well as the exhibits, we conclude that the trial judge properly determined the income of the defendant.
Under the circumstances, we cannot conclude that the trial judge erred in his findings and judgment increasing the monthly payments of child support to the amount of $887.50 by the defendant as well as 71% of the extraordinary medical expenses including counseling, tutoring, and therapy as well as 71% of the expenses for education costs of the minor child at a parochial school.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] 15 years of age
[2] "Granted and remanded to court of appeal for consideration on the merits."