| .GUIDRY, J.
The State, through the Department of Public Safety and Corrections and the Municipal Police Board of Review, appeals the judgment of the trial court awarding back payments of state supplemental pay to an employee. For the following reasons, we reverse and render.
DISCUSSION
The litigants and facts involved in this appeal are not new to this court. The parties previously came before this court seeking review of a judgment declaring that the plaintiff, Cassundra W. Mayo, was entitled to receive state supplemental pay pursuant to La. R.S. 33:2218.2, which judgment was affirmed on appeal. See Mayo v. Municipal Police Board of Review, 98-1864 (La.App. 1st Cir.11/5/99), 745 So.2d 188. A thorough recitation of the background facts involved in this appeal can be found in that opinion, so only the most pertinent facts will be repeated herein.
The instant appeal solely concerns whether it was proper for Mrs. Mayo to bring a separate action against the defendants — the Municipal Police Board of Review (“Board”), the Louisiana Department of Public Safety and Corrections, and the State of Louisiana (collectively the “defen *609 dants”) — to recover state supplemental pay (“back pay5’) for the years prior to the fiscal year in which Mrs. Mayo made her application to receive state supplemental pay.
In the prior proceedings, Mrs. Mayo filed a petition for judicial review of the Board’s decision denying her application to receive state supplemental pay on April 3, 1997. In that petition, Mrs. Mayo specifically requested that the trial court reverse “the decision or ruling denying plaintiff supplemental pay, and [order] defendant to grant the application for supplemental pay, | .-¡retroactive to the point in time when plaintiff was eligible for supplemental pay, together further with all costs of these proceedings.”
The trial court reversed the Board’s decision and rendered judgment declaring that Mrs. Mayo “is hereby entitled to receive state supplemental pay retroactive to July 1, 1996.” A written judgment to that effect was signed on June 25, 1998. The defendants appealed the judgment and Mrs. Mayo answered the appeal seeking damages for a frivolous appeal. It is critical to note that at no time did Mrs. Mayo seek a new trial or appeal to have the June 25, 1998 judgment modified to provide for a retroactive recovery earlier than July 1, 1996. In the appeal that followed, this court affirmed the June 25, 1998 judgment of the trial court.
Subsequently, by a letter dated December 7, 2000, Mrs. Mayo requested back pay retroactive to November 27, 1991, the date on which Mrs. Mayo was determined to be eligible to receive state supplemental pay. The Board denied Mrs. Mayo’s request, and Mrs. Mayo filed another petition for judicial review on July 13, 2001, this time seeking an award of back pay for the period of November 27, 1991 through June 30,1996.
The defendants answered the petition generally denying Mrs. Mayo’s claim and later filed exceptions objecting to Mrs. Mayo’s petition on the grounds of no cause of action, res judicata and prescription. By two separate judgments signed April 16, 2002, the trial court denied the exceptions and by a judgment signed July 15, 2002, the trial court reversed the decision of the Board denying Mrs. Mayo back pay and awarded her the same. On July 16, 2002, the defendants filed an unrestricted, suspensive appeal of the July 15, 2002 judgment. See Sporl v. Sporl, 00-1321, p. 2 (La.App. 5th Cir.5/30/01), 788 So.2d 682, 683-684, writ denied, 01-1926 (La.10/12/01), 799 So.2d 506.
Din their appeal of the July 15, 2002 judgment, the defendants re-urge their objections of no cause of action, res judicata, and prescription. In reviewing the defendants’ argument in brief, we note that the defendants’ objection of no cause of action is premised on its claim that Mrs. Mayo’s second suit should be dismissed as res judicata. Thus, we will first consider whether the trial court erred in not sustaining the exception urging the objection of res judicata.
Louisiana’s res judicata law is contained in La. R.S. 13:4231, which provides:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out *610 of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(8) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
It has been held that to prevail on the objection of res judicata under La. R.S. 13:4231, the exceptor must show (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of jRthe first litigation. Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
In the matter before us, there is no dispute as to the validity and finality of the previous judgment, as all of the necessary appeals have been exhausted. Further, the exact same parties named in the instant suit were named in the prior litigation. And without question, Mrs. Mayo’s claim for back pay existed at the time of her filing her first petition of judicial review, and it stems from the same occurrence or transaction, namely the failure of the defendants to pay her state supplemental pay when she became eligible for the same. Thus, it seems readily apparent that the record supports sustaining the exception.
Although the trial court’s reasons for judgment on the issue of res judicata do not appear in the record before us, the defendants, in brief, and the trial court, in its reasons for judgment at the hearing on the issue of prescription, indicate that the reason the exception was denied was because of the following facts recited in this court’s prior opinion in this matter: “Thus, the Board awarded supplemental pay, retroactive to July 1, 1996, the start of the then-current fiscal year, and left open the issue of entitlement to back pay for prior years.” We do not agree that this finding of fact is sufficient to overcome the objection of res judicata.
As noted in this court’s previous opinion, when Mrs. Mayo first applied to the Board for state supplemental pay, her application was initially granted. During the meeting at which the Board initially granted Mrs. Mayo’s application, the following colloquy took place:
MR. THIBODEAUX: As you well know the only thing we can do is go back to July the 1st of ’96.
MR. POOLE: 7/1?
MR. THIBODEAUX: Anything prior to that?
^ *
MR. GAUTREAUX: Well, the position of the board— in other words, we can only okay for this current fiscal year, the money for supplemental pay.
MS. MAYO: Right.
MR. GAUTREAUX: To you. Anything prior to that— and what we’ve usually done is had a court order, some kind of court order to— you know that says who has to pay for this, because really it’s— it’s not the board’s fault or the State’s fault that you haven’t been receiving supplemental pay if you’ve been eligible. That’s purely an error by the city.
MS. MAYO: Right.
MR. THIBODEAUX: Would the city write a letter stating that they made an error?
*611 [[Image here]]
MR. THIBODEAUX: Miss Mayo, why don’t you request the city to state that they failed to send the application in. The board will take that under advisement. We’ll act on it next meeting, but all we can do is go back to July the 1st
MR. GAUTREAUX: Yeah.
MS. MAYO: Right.
MR. THIBODEAUX: That’s the only appropriation we’ve got. Anything beyond that we have to go back to the legislature and request some additional approval to do that; and normally we have a court decision, but I think that we will— if you have something from the local government saying that they made a mistake and it was not your fault, we probably will— we’ll probably justify that before the budge committee and stuff like that. So, I’d request that you do get them to send us a letter saying that to (sic) administrative error they failed to put you on the supplemental— request your supplemental pay since 19— well you start to be eligible a year later, it would be 1991. So just do that and we’ll act on it next meeting.
Also, included among the documentation submitted to the trial court in support of her first petition for judicial review is a form that states the Department of Public Safety’s fiscal year ends on June 30th and that back supplemental pay cannot be paid beyond July without Legislative approval. The form further states that applications for back pay beyond the current 17fiscal year must first be approved by the Board and then submitted to the Legislative Budget Committee for final approval.
This information in the record, along with the Board’s subsequent withdrawal of its initial approval of Mrs. Mayo’s application for supplemental pay, more than indicated that the issue of back pay was in dispute, as well as Mrs. Mayo’s entitlement to state supplemental pay, at the time she filed her first petition for judicial review. Clearly, the denial of Mrs. Mayo’s claim for state supplemental pay encompassed the corollary claim of back pay, making both the primary and secondary claims viable issues to be resolved at the time of Mrs. Mayo’s first suit. Considering these facts in conjunction with Mrs. Mayo’s prayer for supplemental pay retroactive to the “point in time” when she was eligible, leads us to conclude that the trial court erred in not sustaining the exception based on res judicata.
Accordingly, we reverse the judgment of the trial court denying the exception raising the objection of res judicata and hereby grant the same. In so ruling, we pretermit discussion of the defendants’ remaining assignment of error. All costs of this appeal are cast to Cassundra W. Mayo.
REVERSED AND RENDERED.