956 So.2d 3 (2007)
Veronica JOHNSON
v.
KERRY BROWN, LLC, et al.
No. 06-CA-925.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
C. Hunter King, The King Law Firm, Baton Rouge, Louisiana, for Plaintiff/Appellant.
Richard J. Dodson, Kenneth H. Hooks, III, Angela R. Carlisle, Dodson & Hooks, APLC, Baton Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
EDWARDS, Judge.
Plaintiff/appellant, Veronica Johnson ("Johnson"), appeals a judgment of the district court denying her Motion to Enforce Settlement and granting defendant/appellee's, Kerry D. Brown L.L.C. and Kerry D. Brown ("Brown"), Motion for Security for Costs. For the following reasons, we dismiss this appeal reserving to Johnson her right to file an application for supervisory writs within thirty days of date of this opinion.
On February 7, 2006, Johnson filed suit in the Fortieth Judicial District Court, alleging an action against Brown. Specifically, Johnson urged that she had been the victim of a medical malpractice in 2004 and that she had retained Brown to represent her in that action. Johnson further alleged that Brown failed to investigate her claim and failed to file a lawsuit on her behalf within the applicable prescriptive period. Johnson asserted that, on June 22, 2005, Brown acknowledged his fault and attempted to remunerate her by entering into a settlement agreement with her and that he had breached that agreement. The petition requests damages against Brown for legal malpractice.
Two months later, Johnson filed a Motion to Enforce Settlement, alleging that, in the June 2005 agreement, she and Brown had consented to settle the legal malpractice matter for $30,000, $5,000 of which had already been advanced by Brown. Johnson asked that the settlement agreement be enforced and also requested further damages resulting from Brown's alleged failure to abide by the settlement. Brown brought a Motion for Security for Costs under LSA-R.S. 13:4522 and filed an Answer, Exceptions, and Reconventional Demand. In the reconvention, Brown averred that he paid Johnson $5,000 without admitting liability and had since learned that the facts alleged by Johnson constitute neither legal nor medical malpractice. There was no written agreement to settle, and Brown requested that Johnson return the $5,000.
*5 The trial court heard the Motion to Enforce Settlement and the Motion for Security for Costs. Following the hearing, the court denied Johnson's Motion to Enforce and granted Brown's Motion for Security for Costs. From this judgment Johnson appeals.
A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. art. 1841. A final judgment is appealable in all causes in which appeals are given by law. LSA-C.C.P. art. 2083. That article was recently amended to provide that an interlocutory judgment is appealable only when expressly provided by law. According to C.C.P. art. 1915(B)(1)(2), in part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. . . .
The judgment before us is not final. While it addresses a portion of Johnson's claim, it does not address the merits of the original petition; that is, the alleged legal malpractice and, thus, does not dispose of all of the claims and issues in Johnson's action. As a partial judgment, it has not been designated as final for purposes of appeal by the trial court. There is no express law allowing Johnson to appeal the denial of a Motion to Enforce Settlement.
The order of the court granting the Motion for Security for Costs is an interlocutory judgment. If, under LSA-R.S.13:4522, a party fails to pay security in accordance with a court order and his case is dismissed, then the matter would be final and appealable.
Accordingly, this appeal is dismissed. Johnson has thirty days from the date of this opinion within which to file an application for supervisory writs.
APPEAL DISMISSED.