ROBERT A. CHAISSON, Judge.
| gThis is an appeal in a succession proceeding by a legatee who disputes the executor’s interim accounting. We grant the executor’s motion to dismiss the appeal, and remand the matter for further proceedings.
Charles John Spitzfaden, III died on September 25, 2007, survived by his wife, Dee Hunter Spitzfaden. The decedent had made several wills in the months before his death. On October 9, 2007, John A. Stassi, III, filed a petition to probate a will dated August 2, 2007. That will appointed Mr. Stassi as independent executor and made bequests to various legatees, including Mrs. Spitzfaden. Mrs. Spitzfa-den opposed probate of that will. On July 23, 2008, the trial court rendered judgment, finding the testament dated August 2, 2007, was valid. Mrs. Spitzfaden appealed. On appeal, this Court upheld the ruling that validated the August 2, 2007 will.[1]
On November 21, 2011, Mr. Stassi, as executor, filed an Interim Accounting, from the date of death through September 30, 2011. On December 12, 2011, Mrs. Spitzfaden filed an Objection to Interim Accounting. The trial court conducted a hearing on June 20, 2012, Rnd rendered judgment on July 2, 2012. The judgment denied Mrs. Spitzfaden’s Objection to Interim | ¡.Accounting. Mrs. Spitzfaden appealed and that appeal is now before us on motion to dismiss.
The record was lodged in this Court on November 28, 2012. The appellee, Mr. Stassi, filed a Motion for Dismissal of Appeal on December 6, 2012. Pursuant to Uniform Rules — Courts of Appeal, Rule 2-8.1, the appellant, Mrs. Spitzfaden, had seven days from the filing of the motion to file an opposition brief. However, the appellant has not responded to the motion to dismiss.
The basis for Mr. Stassi’s Motion for Dismissal of Appeal is as follows:
The District Court’s July 2, 2012 Judgment was only a partial judgment, as it did not settle all of the outstanding issues in the Succession proceeding. Thus, according to La. C.C.P. art. 1915(B), it was only appealable if it was “designated as a final judgment by the court after an express determination that there is no just reason for delay.” There was no such certification by the District Court, nor was there any express determination made that no reason for delay existed.
La. C.C.P. art. 1915(B) provides, in pertinent part:
*1104 B. (1) When a court renders a partial judgment , as to one or more but less than all of the claims, demands, issues, or theories, ... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added.]
In this case, the judgment simply denies Mrs. Spitzfaden’s objection to the Interim Accounting. It makes no allocation of assets of the succession and involves no parties other than the executor, as succession representative, and |4Mrs. Spitzfaden, as one of several heirs. It is not a final judgment because it “adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties.” There is no certification by the trial court designating it as final for the purpose of an immediate appeal. Pursuant to La. C.C.P. art. 1915(B)(2), therefore, the judgment is not appealable and the appeal must be dismissed.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.”[2] Interlocutory judgments may be reviewed either by timely application for supervisory writs[3] or by appeal after final judgment in the matter.[4]
Review of this judgment could properly be undertaken under this Court’s supervisory jurisdiction. Therefore, the appellant, Dee Hunter Spitzfaden, is given thirty days from the date of this dismissal to file an application for writs that fully complies with Uniform Rules — Courts of Appeal, Rule 4-3, if she so desires.

APPEAL DISMISSED; CASE REMANDED.

. In re: Succession of Spitzfaden, 09-212 (La. App. 5 Cir. 12/8/09), 30 So.3d 88.

. La. C.C.P. art. 1841.

. La. C.C.P. art. 2201; Uniform Rules— Courts of Appeal, Rule 4-3.

. "When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal.” Sporl v. Sporl, 00-1321, p. 2 (La.App. 5 Cir. 5/30/01), 788 So.2d 682, 684, writ denied, 01-1926 (La.10/12/01), 799 So.2d 506.