LILJEBERG, J.
Defendant, Jennifer Nauman-Anderson ("Ms. Anderson"), seeks review of the trial court's June 1, 2017 judgment denying her Motion to Enforce Settlement Agreement. Finding that we lack appellate jurisdiction to consider this matter, we dismiss the appeal.
On June 22, 2012, plaintiff, Morgan Palmisano, filed a "Petition on Open Account" against Ms. Anderson, seeking repayment of money he allegedly loaned to her pursuant to an oral loan agreement. The parties entered into a Confidential Settlement Agreement ("the agreement") on February 13, 2016. The agreement provided that Ms. Anderson would make three payments, totaling $13,000, to Mr. Palmisano on or before the dates specified in the agreement. The agreement further provided that within 14 days after receiving the final payment, Mr. Palmisano would file a motion to dismiss his lawsuit against Ms. Anderson.
On April 7, 2017, Ms. Anderson filed a "Motion to Enforce Settlement Agreement," alleging that Mr. Palmisano breached the agreement by failing to file a motion to dismiss his lawsuit within 14 days after Ms. Anderson made her final payment. In this motion, Ms. Anderson sought dismissal of the lawsuit, as well as an award of attorney fees and costs. This motion came before the trial court for hearing on May 31, 2017. At the conclusion of the hearing, the trial court took the matter under advisement.
On June 1, 2017, the trial court rendered a judgment denying Ms. Anderson's Motion to Enforce Settlement Agreement. Also on June 1, 2017, the trial judge signed an order dismissing all claims in this matter with prejudice, pursuant to a "Motion to Dismiss with Prejudice" filed by Mr. Palmisano. Ms. Anderson filed a Motion for Devolutive Appeal, seeking review of the judgment denying her Motion to Enforce Settlement. The trial court granted the motion on June 23, 2017.
La. C.C.P. art. 1915B(1) provides that when a judgment is rendered "as to one or more but less than all of the claims, demands, issues, or theories against a party," the judgment shall not constitute a final judgment unless it is designated as such by the trial court. La. C.C.P. art. 1915B(2) provides that in the absence of such a designation, any decision which adjudicates fewer than all of the claims "shall not constitute a final judgment for the purpose of an immediate appeal."
In Johnson v. Kerry Brown, L.L.C. , 06-925 (La. App. 5 Cir. 3/13/07), 956 So.2d 3, 5, this Court found that a judgment denying a motion to enforce a settlement agreement is an interlocutory judgment that is *1277 not appealable. Ms. Anderson acknowledges the holding of the Johnson case in her supplemental appellant brief filed with this Court. However, Ms. Anderson asserts that the judgment denying her Motion to Enforce Settlement is appealable at this time, because interlocutory judgments may be reviewed by appeal after a final judgment has been rendered. In support of her argument, Ms. Anderson cites this Court's opinion in In re: Succession of Spitzfaden , 12-895 (La. App. 5 Cir. 2/21/13), 113 So.3d 1103, writ denied , 13-1316 (La. 9/20/13), 123 So.3d 177. Ms. Anderson's interpretation of our holding in Spitzfaden is flawed.
In Spitzfaden , a legatee sought review of the trial court's judgment denying her "Objection to Interim Accounting." However, the judgment did not adjudicate all of the claims or issues in the matter and the trial court did not certify the judgment as final for purposes of an immediate appeal, in accordance with La. C.C.P. art. 1915B. Id. The executor of the succession filed a motion to dismiss the appeal for lack of appellate jurisdiction. This Court granted the motion and dismissed the appeal, finding that the judgment was interlocutory and not appealable. Id. at 1104. This Court noted that interlocutory judgments may be reviewed after a final judgment is rendered, citing
Sporl v. Sporl , 00-1321 (La. App. 5 Cir. 5/30/01), 788 So.2d 682, 684, writ denied , 01-1926 (La. 10/12/01), 799 So.2d 506, wherein this Court stated:
When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken an appeal.
Spitzfaden , 113 So.2d at 1104.
Thus, pursuant to Spitzfaden and Sporl , when an unrestricted appeal is taken from a final judgment, interlocutory judgments may be reviewed in addition to the final judgment. These cases do not suggest that an interlocutory judgment may be appealed after a final judgment is rendered without seeking review of the final judgment as well.
In the present case, the judgment denying Ms. Anderson's Motion to Enforce Settlement Agreement is an interlocutory judgment that did not dispose of all claims in this matter, and the trial court did not designate this judgment as final. The trial court signed two judgments in this case on June 1, 2017-one denying the Motion to Enforce Settlement Agreement and the other dismissing plaintiff's claims with prejudice. Thereafter, Ms. Anderson filed a Motion for Devolutive Appeal, seeking review of only the judgment denying her Motion to Enforce Settlement Agreement, not the final judgment dismissing the case. The trial court's order granting the appeal specifically provides that Ms. Anderson "is permitted to appeal this court's June 1, 2017 judgment which denied a Motion to Enforce Settlement Agreement, Award Attorneys Fees and Court Costs ."
In her reply brief, Ms. Anderson contends that she is, in fact, seeking review of the June 1, 2017 final judgment dismissing the case, noting that she asserted in her original appellant brief that the motion to dismiss was in an improper form. She argues that the fact that she did not specifically raise this issue in an assignment of error does not mean that the issue was not raised on appeal.
La. C.C.P. art. 2121 provides that "[a]n appeal is taken by obtaining an order therefor, within the delay allowed, from the court which rendered the judgment." According to La. C.C.P. art. 2088, the jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal in the *1278 case of a devolutive appeal. An appellate court does not have jurisdiction to review a final judgment if a valid appeal is not perfected. Bamburg v. St. Francis Med. Ctr. , 45,024 (La. App. 2 Cir. 1/27/10), 30 So.3d 1071, 1074, writ denied , 10-458 (La. 4/30/10), 34 So.3d 294. An order of appeal must be obtained for each final judgment the appellant seeks to appeal. Id.
In the present case, even if Ms. Anderson intended to appeal both the interlocutory judgment denying her Motion to Enforce Settlement Agreement and the final judgment dismissing the case with prejudice, she failed to request an appeal from the final judgment dismissing the case, and the order signed by the trial judge did not grant an appeal from that judgment. As such, an appeal of the final judgment dismissing plaintiff's claims with prejudice is not properly before us.
Because the judgment denying Ms. Anderson's Motion to Enforce Settlement Agreement is an interlocutory judgment that is not appealable and Ms. Anderson did not seek an unrestricted appeal from the final judgment in this matter, we are without appellate jurisdiction to consider this appeal. Accordingly, we must dismiss Ms. Anderson's appeal.
DECREE
For the foregoing reasons, we dismiss this appeal.
APPEAL DISMISSED