ROY B. TUCK, Jr., Judge Pro Tem.
This case arises from the efforts of the heirs of the naked owners of a plot of land *1282 and a house to recover from the succession of the usufructuary certain unpaid ad valo-rem property taxes and the cost of maintenance and repairs allegedly not made by the usufructuary during his lifetime. The defendant succession, through counsel for the succession representative, filed a preemptory exception of prescription asserting that the action was filed more than one (1) year after the termination of the usufruct and was, accordingly, barred by prescription. After a hearing at which it was stipulated that the plaintiffs were entitled to be reimbursed for the unpaid taxes, the trial court rendered judgment awarding the plaintiffs the amount of unpaid taxes, plus interest, authorizing the deposit of that sum in the registry of the court, and further maintaining the exception of prescription and dismissing plaintiffs’ suit with prejudice at plaintiffs’ cost. The plaintiffs have appealed.
FACTS
The plaintiffs-appellants are the heirs of Euphrosine Hernandez Arceneaux. On May 17, 1972 Euphrosine Hernandez Ar-ceneaux executed an authentic act of donation inter vivos granting to her husband, Davis Arceneaux, during his lifetime, the usufruct of certain immovable property owned by her separate estate. Mr. and Mrs. Arceneaux continued to reside in the property until the death of Mrs. Arceneaux on July 8, 1974. Shortly thereafter Mr. Arceneaux moved from the property which he then rented until his death on December 11, 1982.
It appears that, prior to Mr. Arceneaux’s death, counsel for plaintiffs, by letter dated August 27, 1979 and addressed to counsel for the usufructuary, made demand for repairs but took no other action at that time. Davis Arceneaux’s succession was opened on January 13, 1983 and Mr. Teddy Arceneaux was confirmed as executor. Subsequent to opening of the succession, demand for payment was made by letter addressed to the attorney for the succession. The demand was ignored. On January 13, 1984 this suit was filed by Mrs. Arceneaux’s heirs to recover the amount of taxes allegedly not paid by the usufructu-ary and the cost of repairs which plaintiffs contend the usufructuary was obliged to make.
ISSUES
I
Did the trial court err in holding that the claim by plaintiffs-appellants was barred by the liberative prescription of one (1) year?
II
Did the trial court err in assessing all court costs against plaintiffs-appellants? Prescription:
Counsel for appellee argues very persuasively that the instant action is barred by the prescription of one (1) year provided by former C.C. Article 3536 while counsel for plaintiffs-appellants contend that the appropriate prescriptive period is provided by former C.C. Article 3544.[2]
The narrow question presented here as to the prescriptive period applicable to an action to recover from a usufructuary of a nonconsumable the amount of unpaid taxes and cost of repairs for which the usufruc-tuary was liable appears to be res nova. Counsel have not cited nor have we located any decision which is dispositive of the issue.
Under the provisions of former C.C. Article 3531 the nature of the obligation breached determined the applicable prescriptive period. Dean v. Hercules, Incorporated, 328 So.2d 69 (La.1976).
The obligation of a usufructuary, whether the usufruct is established by conventional act or by operation of law, is defined by the appropriate articles of the Civil Code. The usufructuary of a nonconsuma-ble is obliged to preserve the substance of the things over which he enjoys a usufruct, *1283 to use them as a prudent administrator and to deliver them to the naked owner at the termination of the usufruct. C.C. Article 539. In this regard the usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident, from the normal use of the things, or from his fault or neglect. C.C. Article 577. The usufructuary is likewise liable for the taxes imposed on the property during his enjoyment of a usufruct over it. C.C. Article 584.
It is noted that the responsibility of the usufructuary of a nonconsumable for ordinary repairs arises solely out of the necessity for repairs during the term of the usufruct without regard to the cause necessitating the repairs.
A prudent administrator has been defined in our jurisprudence as one who is “required to take the same care of the property of which he enjoys the usufruct as though it were his own — .” Bell v. Saunders, 139 La. 1037, 72 So. 729 (1916). The standard of care as developed by the Roman law and carried forward into the French, German, and Louisiana Civil Codes was that of “one who was the sole owner of the family goods.” See 22 La.Law Review 810 and authorities cited therein.
It is obvious, and is conceded by the parties hereto, that the obligation of the usufructuary in the context of these proceedings is a legal obligation enforceable by a personal action. The liberative prescription which applies to the action is not clearly and expressly provided by the former code articles enumerating those actions which are barred by the prescription of one year[3], the prescription of three years[4] or the prescription of five years[5], unless covered by former C.C. Article 3536.
The obligation of the usufructuary is certainly not contractual. Counsel for appellee contends that the obligation is delictual or quasi delictual. We disagree.
There is no allegation or showing that Mr. Arceneaux damaged the property subject to the usufruct by a deliberate or negligent act. On the contrary, it is alleged that he failed to pay the ad valorem property taxes when they became due and he failed to make repairs to the property as the need for repairs arose. Simply stated, he failed to act as a prudent administrator.
Former Article 3536, relied upon by appellees, provides:
Article 3536. The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for the damages caused by animals, or resulting from offenses or quasi offenses.
That which a possessor may institute to have himself maintained or restored to his possession, when he has been disturbed or evicted.
That for the delivery of merchandise or other effects, shipped on board any kind of vessels.
That for damage sustained by merchandise on board ships, or which may have happened by ships running foul of each other.
Former Article 3544, relied upon by appellants, provides:
Article 3544. In general, all personal actions, except those before enumerated, are prescribed by ten years.
Although we do not mean to infer that a usufructuary can never be guilty of conduct which is delictual or quasi delictual and, accordingly, subject to the liberative prescription of one year, we conclude that the facts alleged here set forth a personal action to enforce a legal obligation which action is not enumerated in the articles providing other prescriptive periods and is therefore subject to the liberative prescription of ten years provided by former Article 3544.
Our conclusion is not without support in the jurisprudence. In Cochran v. Violet, et al, 38 La.Ann. 525 (1886) our Supreme *1284 Court was called upon to decide the question of the liberative prescription applicable to an action to enforce the alleged rights of the plaintiff to an account from his mother for her usufruct of property consisting of the plaintiff’s share of the proceeds of the sale of community property belonging to his mother and his deceased father which was purchased by plaintiffs mother. It is true that in the cited case the usufruct had been, by virtue of the sale, converted into a usufruct of consumables, but the reasoning of the Cochran court is equally applicable to the instant case. The court reasoned that since the Code did not “in terms fix the kind of prescription which can be invoked in bar of the demand for an account from the usufructuary of the property or things which he has held in usufruct”, the action was a personal action not enumerated in the articles treating the prescription of one, three or five years and was, accordingly, governed by the prescription of ten years provided by Article 3544. A similar conclusion was reached in Burdin v. Burdin, 171 La. 7, 129 So. 651 (1930).
Our conclusion is further supported by the reasoning of our Supreme Court in Dean v. Hercules Incorporated, supra. In Dean the court said:
“ — in order to determine the incidents of the breach of a legal obligation and the applicable prescriptive period — , we look to the closest analogous situation provided for in the Code.”
The duty owed by a usufructuary is most nearly analogous to the fiduciary duty owed by a negotiorum gestor, viz., the duty of acting as a prudent administrator of the property. C.C. Article 539; C.C. Article 2298; Lococo v. Lococo, 462 So.2d 893 (La.App. 1st Cir.1984).
A suit for breach of a fiduciary duty is a personal action subject to the liberative prescription of ten years. C.C. Article 3499 (former Article 3544).
The plaintiffs-appellants brought their suit well within ten years from the date the usufruct was terminated by the death of the usufructuary. The exception of prescription should have been overruled by the trial court.
Court costs:
The remaining issue is whether the trial court erred in assessing all costs to plaintiffs-appellants. It is true that C.C.P. Article 1920 vests broad discretion in the trial court in the assessment of costs. Such discretion is not, however, unlimited. LeBlanc v. Opt, Inc., 421 So.2d 984 (La. App. 3rd. Cir.1982). Discretion in the assessment of court costs is restricted to the realm of what is equitable. Harper Oil Field Services v. Dugas, 451 So.2d 96 (La.App. 3rd Cir.1984); Johnson v. Bucyrus-Erie Company, 476 So.2d 1074 (La.App. 3rd. Cir.1985). The trial court maintained the exception of prescription and dismissed plaintiffs’ suit. On appeal we reverse that judgment and remand the matter for further proceedings. We therefore reverse the trial court’s judgment assessing all costs to the plaintiffs, the assessment of costs to be made after final adjudication of the suit.
For the foregoing reasons the judgment of the trial court is reversed insofar as it maintains the exception of prescription and assesses all costs to the plaintiffs-appellants and is otherwise affirmed. The matter is remanded to the trial court for further proceedings. All costs of appeal are assessed to defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUIDRY, J., concurs and assigns reasons.

. This matter arose prior to January 1, 1984, the effective date of Acts 1983, No. 173 which amended and reenacted Chapter 4 of Title XXIV of Book 111 of the Civil Code to comprise C.C. Articles 3492 to 3504.

. Articles 3534 through 3537, RCC 1870.

. Articles 3538 through 3539, RCC 1870.

.Articles 3540 through 3543, RCC 1870.