STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1386 consolidated with 11-1387, 11-1388

STEPHEN DAVIS, ET AL.

VERSUS

STATE OF LA, THROUGH THE DOTD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,319 C/W 25,621 C/W 25,674
HONORABLE GLEN W. STRONG, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese and Shannon J. Gremillion, Judges.

AFFIRMED.

James D. "Buddy" Caldwell
Attorney General
Ronald J. Fiorenza
Special Assistant Attorney General
Provosty, Sadler, DeLaunay, Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANT/APPELLANT:
    State of Louisiana, Through the Department of
    Transportation and Development

**Clinton Andrew Magoun, Esq.**
**Attorney at Law**
**P. O. Box  397**
**Ferriday, LA 71334**
**(318) 757-8600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Christina Wiley**

**Brandy McClure**
**Smith, Taliaferro, Purvis & Boothe**
**P. O. Box 298**
**Jonesville, LA 71343**
**(318) 339-8526**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Amanda Townsend**

**Paul A. Lemke, III**
**Owens & Lemke, Inc.**
**P. O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Lori Davis**
     **Stephen Davis**

**GREMILLION, Judge.**

If a party is cast in judgment and assessed only 25% fault in causing the plaintiffs' injuries, should it be cast with 100% of the court costs? The defendant/appellant, State of Louisiana through the Department of Transportation and Development (DOTD), appeals a judgment and asks that we answer that question in the negative.

## FACTS AND PROCEDURAL HISTORY

The underlying case-in-chief arises from a single-vehicle accident in Catahoula Parish. The record before us reveals little about the facts of that accident.

The current controversy arises from cross-motions to tax parties with expert witness fees and other costs related to a jury trial that was held June 13-21, 2011, in the three consolidated cases. The jury found that DOTD was 25% at fault. Plaintiffs/appellees, Stephen Davis and Lori Davis (in the captioned matter), Christina Wiley, and Amanda Townsend, individually and on behalf of her minor child, Landon Townsend, filed a motion to have 100% of their costs of trial assessed to DOTD. DOTD filed a motion of its own seeking to have plaintiffs assessed with 75% of its costs. The trial court gave oral reasons that reflect its considerations in assessing DOTD with all costs:

> First of all, we had three consolidated lawsuits involved in this one trial. The plaintiffs in one suit were the parents of the guest passenger. So I don't see how any fault could be allocated to the guest passenger. And the other plaintiffs were the surviving children of the driver of the vehicle. And the court is going to decline to cast costs for them. So I'm going to cast all costs on the state and they can pay their expert fees as court costs or otherwise. And that's what we'll do with this case.

A judgment was prepared and signed that taxed DOTD with $20,433.79 in expert fees and clerk's costs. DOTD appeals from this judgment. Its sole assignment of

error asserts that the trial court abused its discretion in taxing DOTD with all costs of court.

## ANALYSIS

The assessment of costs of court after judgment is governed by Louisiana Code of Civil Procedure article 1920. The default rule is that the party cast in judgment is liable for all costs. *Le v. Nitetown, Inc.*, 10-1239 (La.App. 3 Cir. 7/20/11), 72 So.3d 374, *writ denied*, 11-1826 (La. 11/4/11), 75 So.3d 924 (citing *Berzins v. Betts*, 457 So.2d 282 (La.App. 3 Cir. 1984)). The article provides that, except as provided by other law, the court may render judgment for costs or any part thereof against any party as it considers "equitable."

Article 1920 vests the trial court with vast, but not unbounded, discretion in assessing costs. This discretion sometimes creates tension when juxtaposed to the default rule. In comparative fault cases in particular, deciding who was the prevailing party can prove challenging. The present case demonstrates that tension. DOTD could argue that it prevailed because it was cast with such a small percentage of fault. The appellees, on the other hand, are justified in maintaining that they succeeded at trial in obtaining a judgment against DOTD and, thus, prevailed.

There are cases that have assessed costs in accordance with the juries' allocations of fault. DOTD cites in its favor the case of *Broussard v. Delchamps, Inc.*, 571 So.2d 855 (La.App. 3 Cir. 1990), *writ denied*, 575 So.2d 370 (1991), a slip-and-fall case in which the plaintiff was found by a jury to have been 85% at fault. The trial court assessed Delchamps, Inc., with 100% of the plaintiff's court costs. We amended the judgment to reapportion costs in accordance with the jury's allocation of fault.

2

*Broussard* quoted with approval our earlier case of *Joeffroy v. Succession of Arceneaux*, 507 So.2d 1281 (La.App. 3 Cir. 1987). That was a suit between the naked owner of immovable property against a usufructuary to recover ad valorem taxes. The naked owner's case was held prescribed, and the naked owner was taxed with all costs. We reversed the trial court on the prescription issue and on the issue of costs.

DOTD also cites *Donavan v. Jones*, 26,883 (La.App. 2 Cir. 6/21/95), 658 So.2d 755, *writs denied*, 95-1786, 95-1891 (La. 11/3/95), 661 So.2d 1379. In that case, in which DOTD was also a defendant, three defendants, each of whom had been assessed with different percentages of fault, were equally assessed the costs of court. Our colleagues on the second circuit found that because the trial court provided no explanation for assessing the costs disproportionately to the allocation of fault, it could find no reason to deviate from article 1920's default apportionment of costs.

There are cases that have gone the other direction. Recently, our colleagues on the second circuit decided the case of *Starr v. State ex rel. Department of Transportation and Development*, 46,226 (La.App. 2 Cir. 6/17/11), 70 So.3d 128, *writs denied*, 11-1835, 11-1952, 11-1625 (La. 10/21/11), 73 So.3d 386, 387, 388. *Starr* involved a one-car accident in which the driver was killed along with one passenger, and the other three passengers were injured. The estate of the deceased passenger and another passenger filed suit against DOTD, alleging that there was no warning of the sharp left-hand turn the driver had failed to negotiate. A jury decided that the driver was 76% at fault and DOTD was 24% at fault. The trial court cast DOTD with all costs. DOTD appealed several issues, including the assessment of costs. The second circuit affirmed the assessment of court costs.

3

The *Starr* case is almost directly on point. The second circuit noted, "[W]e do not find that the trial court abused its discretion by allocating 100% of the costs to DOTD. DOTD was the sole defendant, and while there were multiple plaintiffs only Byrd [the driver] was apportioned any percentage of the liability." *Id.* at 145. *Starr* cited with approval our decision in *Davis v. State, Department of Transportation and Development*, 94-308 (La.App. 3 Cir. 12/7/94), 647 So.2d 552, *writ denied*, 95-0034 (La. 1/27/95), 649 So.2d 382.

In *Davis*, plaintiffs were involved in a two-vehicle, head-on, collision in Rapides Parish. The other driver was attempting to pass a third vehicle at the time. In the course of litigation, plaintiffs settled with the oncoming motorist, leaving DOTD as the only defendant. A bifurcated trial resulted in a finding that DOTD was 40% at fault and the oncoming motorist 60%. The trial court assessed 100% of the costs to DOTD. On appeal, we held that the trial court did not abuse its discretion in awarding all costs against DOTD, as it was the sole remaining defendant.

We can synthesize these cases to arrive at some guidelines for determining when a trial court abuses its discretion or exceeds its bounds in awarding court costs. In *Broussard*, it was an abuse of discretion to award the sole plaintiff's costs against the lone defendant that was minimally at fault. In *Donovan*, the trial court abused its discretion in assessing equal shares of the lone plaintiff's costs against defendants who were not assessed equal fault. In *Starr*, only one of several occupants of the vehicle was found at fault, and that driver was killed in the accident; thus, his heirs were the parties to the suit. And in *Davis*, the lone defendant was properly assessed 100% of the costs when the plaintiffs were free from fault.

Applying these principles to the controversy, we find that the trial court did not abuse its discretion in assessing all costs to DOTD. DOTD was the lone, minimally-liable, defendant. Only one occupant of the vehicle was assessed fault in the accident, and that driver was killed, as in *Starr*. The trial court gave a reasoned explanation for its deviation from the default apportionment.

## CONCLUSION

The trial court provided a well-reasoned explanation for its decision to deviate from the default method of apportioning court costs provided in Louisiana Code of Civil Procedure article 1920. Those reasons comport with methods of apportionment that have been approved in the jurisprudence. Under these circumstances, we conclude that the trial court did not abuse its discretion in taxing all costs to DOTD. The judgment of the trial court is affirmed. Costs of this appeal in the amount of $336.97 are assessed to defendant/appellant, State of Louisiana through the Department of Transportation and Development.

**AFFIRMED.**