# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-914


**TASHA TOLAR CARRIERE AND DANIEL BIHM MARCANTEL, ET AL.**

**VERSUS**

**UNION PACIFIC RAILROAD COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


ON APPLICATION FOR SUPERVISORY WRITS FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-3656
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

### SHANNON J. GREMILLION

### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of, Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**WRIT DENIED.**

**William H. Howard, III**
**Alissa A. Allison**
**Laura E. Carlisle**
**Kathlyn G. Perez**
**Baker Donelson Bearman Caldwell & Berkowitz, P.C.**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, LA 70170**
**(504) 566-5200**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Union Pacific Railroad Company**

**H. Alston Johnson, III**
**Steven J. Levine**
**Paul LeBlanc**
**John B. Shortess**
**Phelps Dunbar LLP**
**II City Plaza**
**400 Convention Street, Suite 1100**
**Baton Rouge, LA 70821**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Union Pacific Railroad Company**

**Antonio M. Clayton**
**Clayton, Fruge & Ward**
**3741 LA Highway 1 South**
**Port Allen, LA 70767**
**(225) 344-7000**
**COUNSEL FOR DEFENDANT APPLICANT:**
    **Union Pacific Railroad Company**

**Elena A. Pecoraro**
**Grant F. Freeman**
**Anna M. Grand**
**Pecoraro Law**
**95 Woods Crossing, Suite 100**
**Lafayette, LA 70508**
**(337) 266-2233**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **Union Pacific Railroad Company**

**Charles T. Cravins**
**Frank P. Trosclair, Jr.**
**Cravins Trosclair**
**P. O. Drawer 1149**
**Opelousas, LA 70571**
**(337) 948-3007**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **John Vallian, et al.**
    **Jody White, et al.**

**David Wilson**
**Mark Sparks**
**Provost Umphrey Law Firm, L.L.P.**
**P. O. Box 4905**
**Beaumont, TX 77704**
**(409) 203-5030**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Melvin Portier, et al.**

**James Gates**
**Morrow, Gates & Morrow, LLC**
**P. O. Drawer 219**
**Opelousas, LA 70571**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Lucille Brown, et al.**
    **James Brown**

**D. Blayne Honeycutt**
**Colt J. Fore**
**Fayard & Honeycutt**
**519 Florida Boulevard SW**
**Denham Springs, LA 70726**
**(225) 664-0304**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Daniel Bihm Marcantel, et al.**
    **David Andrus, et al.**
    **Andree Nicole Shakesnider, et al.**
    **John Clifton Goodwin, Sr.**
    **Elsie Goodwin**
    **Ronald Goowdin**
    **Tasha Tolar Carriere, et al**
    **Constance Jones, et al.**
    **Ivy Thibodeaux, Jr.**
    **Joshua Adams, et al.**
    **Mary Ann Goodwin**
    **Joseph Goodwin, III**
    **Sherry N. Fruge, et al.**
    **Wilfred Charles**

**Travis J. Turner**
**Turner Law Firm**
**413 West Main Street**
**Gonzales, LA 70737**
**(225) 644-2229**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Sherry N. Fruge, et al.**
    **Constance Jones, et al.**
    **Joshua Adams, et al.**
    **Andree Nicole Shakesnider, et al.**
    **Allen Guillory, Sr., et al.**

**Peter F. Caviness**
**Falgoust, Caviness amd Bienvenu, LLP**
**505 South Court Street**
**Opelousas, LA 70571**
**(337) 942-5812**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Chad A. Latiolais, et al.**
    **Leon Keith Latiolais, et ux.**

**James Benton, III**
**Attorney at Law**
**10124 Jefferson Highway**
**Baton Rouge, LA 70809**
**(337) 302-2402**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
  **John Richard, Jr., et al.**

**Stephanie E. Robin**
**Moore, Thompson & Lee**
**6513 Perkins Road**
**Baton Rouge, LA 70808**
**(225) 766-1100**
**COUNSEL FOR PLAINTIFFS/RESPONDENT:**
  **Ronald Goowdin**
  **Joseph Goodwin, III**

**Alfred P. Boudreaux**
**Pavy & Bouderaux**
**116 West Bellevue Street**
**Opelousas, La 70570**
**(337) 942-3466**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
  **Karen Agnes Frank West, et al.**
  **Steven West, Jr.**
  **Ralph Courville, et al.**

**Walter Clayton Dumas**
**Dumas & Associates Law Corporation**
**P. O. Box 1366**
**Baton Rouge, LA 70821-1366**
**(225) 383-4701**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
  **Constance Jones, et al.**
  **Sherry N. Fruge, et al.**
  **Allen Guillory, Sr., et al.**
  **Andree Nicole Shakesnider, et al.**
  **Joshua Adams, et al.**

**Donald L. Mayeux**
**Attorney at Law**
**P.O. Drawer 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
  **Laura Colomb, et al.**

**Vyrona Marie Wiltz**
**Attorney at Law**
**P. O. Box 216**
**Krotz Springs, LA 70750-0000**
**(337) 566-3447**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Joseph Papillion**

**Anna C. Simmons**
**Diane Mayo**
**Attorney at Law**
**943 N. Court Street**
**Opelousas, LA 70570**
**(337) 942-3141**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Ervin Savoy, et al.**

**LaDonte A. Murphy**
**1728 Oak Leaf Boulevard**
**Opelousas, LA 70570**
**(337) 942-7070**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Jawill Murphy, et al.**
    **Wallace Frank, Jr., et al.**

**Chad P. Pitre**
**Attorney at Law**
**111 North Court Street**
**Opelousas, LA 70570**
**(337) 942-8587**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Southwest Fee and Farm Supply, Inc.**

**John M. Morrow, Jr.**
**Jim Gates**
**Morow, Gates & Morrow, LLC**
**P. O. Drawer 219**
**Opelousas, LA 70571**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Lucille Brown, et al.**
    **James Brown**

**Michael J. Vallan**
**Attorney at Law**
**6090 De Anne Marie Drive**
**Zachary, LA 70791**
**(225) 326-6000**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Robert Lee Davis, et al.**

**Timmy J. Fontenot**
**Attorney at Law**
**P. O. Box 68**
**Mamou, LA 70554**
**(337) 468-4444**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **David Andrus, et al.**
    **Tasha Tolar Carriere, et al**
    **Daniel Bihm Marcantel, et al.**

**Edmond D. Jordan**
**Jordan Law Group**
**385 South 11th Street**
**Baton Rouge, LA 70802**
**(225) 590-5957**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Anna Guillory, et al**

**GREMILLION, Judge.**

Defendant/Applicant, Union Pacific Railroad Company (Union Pacific), seeks supervisory writs from a Per Curiam Order signed October 10, 2018, by the judges of the four divisions of the Twenty-Seventh Judicial District Court, Parish of St. Landry. The Per Curiam Order required Union Pacific to deposit an additional $300,000.00 with the court for the payment of outstanding Special Master fees and costs. For the following reasons, we deny the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

This case has been before this court on three prior writ applications in docket numbers 16-616,[1] 17-1048,[2] and 18-272. We have previously summarized the pertinent facts:

> This case arose out of a train derailment which occurred near the town of Lawtell, Louisiana, on August 4, 2013. The derailed train spilled hazardous chemicals into the area and the governor subsequently declared the area a disaster area. As a result of the accident, thirty-one separate lawsuits were filed against Relator in all four of the divisions of the Twenty-Seventh Judicial District Court, and some of the lawsuits include hundreds of individual Plaintiffs. There are slightly more than 1000 Plaintiffs involved in the litigation, and they all allege that the train derailment caused them some degree of physical or emotional harm and inconvenience. The cases were removed to federal court, but they were later remanded to state court based on the stipulation that no individual plaintiff's claim is worth $50,000.00.
>
> After the cases were remanded, the parties agreed to bifurcate the matter into a liability phase and a causation/damages phase. The cases were consolidated for the liability phase of the litigation, and Relator stipulated to liability. However, Relator contests the issues of causation and damages, and no consolidation has occurred in the causation/damages phase of the litigation. Instead, via the informal

---

[1] This court found no abuse of discretion in the trial court's order which severed the claims involving United States Environmental Services, Inc., from the other consolidated cases. *Carriere v. Union Pacific Railroad Company*, 16-616 (La.App. 3 Cir. 10/14/16) (unpublished writ decision).

[2] This court found no error in the trial court's rulings that (1) any party seeking to object to the Special Master's report would be required to pay an additional filing fee to have that transcript of the Special Master's proceedings filed into the record; and (2) the individual judgments rendered by the Special Master would be certified final and immediately appealable. *Carriere v. Union Pacific Railroad Company*, 17-1048 (La.App. 3 Cir. 1/25/18) (unpublished writ decision), *writ denied*, 18-322 (La. 4/16/18), 247 So.3d 115.

consent of the parties, each individual plaintiff's claim has been severed for the purposes of trial. Since June 2016, dozens of separate trials have been held to address causation and damages issues. These individual trials have been conducted by a court-appointed special master, Kenneth W. DeJean, who prepares a report and recommendation regarding the claims of each individual plaintiff.

This writ application involves thirty of the lawsuits. On May 18, 2017, the four judges of the Twenty-Seventh Judicial District Court issued a Per Curiam Order which stated that effective May 1, 2017, all Special Master fees were to be paid by Union Pacific. On May 18, 2017, a second Per Curiam Order was issued which stated, among other things, that "the trial costs of the court reporter or other court personnel" would "be borne equally by the parties until such time as there has been a judgment adopting or modifying the Report and Recommendation of the Special Master on costs by the District Judge of the particular case."

Union Pacific filed a motion to vacate those two Per Curiam Orders. As a result of that motion, the court amended the Per Curiam Order on June 13, 2017. The amended order stated that:

> Effective June 1, 2017, the Court orders that Union Pacific Railroad is to advance the Special Master costs and fees with an initial deposit of $30,000.00 due on or before June 30, 2017, and further, additional deposits are to be made as requested by the Court with the allocation of final costs and fees of the Special Master to be decided in the Reports and Recommendations of the Special Master and subject to review by the Court or on appeal or finality of judgment.

On September 11, 2017, the four judges signed a Per Curiam Order requiring Union Pacific to deposit an additional $40,000.00. On March 5, 2018, another Per Curiam Order issued requiring Union Pacific to deposit another $40,000.00. In 18-272, Union Pacific filed a writ application with regard to the March 5, 2018 order. This court did not reach the merits of that writ application and denied it, finding that the errors alleged therein were not properly before the court since they were not first

2

presented to the trial court. *Carriere v. Union Pacific Railroad Company*, 18-272 (La.App. 3 Cir. 4/30/18) (unpublished writ decision), *writ denied*, 18-895 (La. 9/28/18), 252 So.3d 934.

On October 10, 2018, a Per Curiam Order[3] was signed that stated:

> In connection with the above captioned matters, the 27th Judicial District Court issued a Per Curiam on the 18th day of May, 2017 ordering that all Special Master fees and costs were to be paid by the defendant, Union Pacific Railroad Company.
>
> Presently, the Court has on deposit in the Lawtell Special Master Fund the sum of $5,014.29. The Court has substantial expenses to pay, including court reporter fees of $10,084.60 as well as the Special Master invoices incurred for July, 2017 through September, 2018 in the sum of $219,783.52. Additionally, trials are ongoing and the additional deposit is required to complete this calendar year; therefor, considering the outstanding deficiency;
>
> IT IS HEREBY ORDERED that the defendant, Union Pacific Railroad Company, deposit an additional $300,000.00 with the Court for the payment of the outstanding Special Master fees and costs.

Union Pacific filed an ex parte motion to vacate that order.[4] The motion was denied by order signed on November 5, 2018. That same day, Union Pacific filed its notice of intent to apply for supervisory writs, and the trial court set a return date of November 15, 2018.

Union Pacific then filed this writ application in accordance with the trial court's return date. We have received two separate oppositions. One was filed on behalf of the Plaintiffs in trial court docket numbers 14-D-3470-Div. D (the Jody White set of Plaintiffs), 14-D-3472-Div. A (the Melvin Portier set of Plaintiffs), and

---

[3] The caption notes that the order is issued in docket number 13-C-3656-C "and all other similar cases arising out of the Lawtell train derailment."

[4] This order is nearly identical to the March 5, 2018 order. The only differences are that the March 5 order did not specify how much was owed to the Special Master, did not mention court reporter's fees, reflected the amount on deposit at the time of the order, and required an additional deposit of $40,000.00 rather than $300,000.00.

3

14-C-3366-Div. D (the Leroy Brown set of Plaintiffs) (hereinafter collectively referred to as the White, Portier, and Brown Plaintiffs). The second opposition was filed on behalf of the following sets of plaintiffs: Tasha Carriere; David Andrus; Joshua L. Adams; Sherry N. Fruge; Constance Jones; Andree Nicole Shakesnider; Allen Guillory, Sr.; Wilfred Goodwin; Elsie Goodwin; John Clifford Goodwin; Joseph Goodwin, III; Mary Ann Goodwin; Ronald Goodwin; and Ivy Thibodeaux, Jr. (hereinafter referred to as the Carriere Plaintiffs).

The individual trials conducted by the Special Master began on June 26, 2017, and continued through October 26, 2018. The weekly schedule of trials "will continue generally into the foreseeable future, until each of the more than 1,000 individual plaintiffs' claims are tried." The first six appeals have recently been lodged in this court under docket numbers 18-901, 18-902, 18-903, 18-904, 18-905, and 18-906. In those six cases, the trial court has approved the recommendations of the Special Master awarding damages to particular plaintiffs.

Union Pacific asks this court to set aside the October 10, 2018 Order as premature because it taxes costs before rendition of a final judgment and because it is in violation of La.R.S. 13:4165 and La.R.S. 13:961. Union Pacific also asks that this court issue an order to the district court and/or the Special Master to refund the $300,000.00.

Union Pacific asks for expedited consideration of this writ application, alleging that such consideration is warranted "because of the significant prejudice the challenged provisions of the October 10, 2018 Order impose upon Union Pacific, along with its patent illegality when measured against the plain language of Louisiana statutory law." We note that Union Pacific has not complied with

4

Uniform Rules—Courts of Appeal, Rules 4–4(B) and 4–5(C)(12), which require that requests for expedited consideration be specially marked on the cover sheet and that the application contain a specific statement of the grounds setting forth the justification for the request as well as a specific date by which a ruling is sought. Nonetheless, we find that expedited consideration is warranted given the number of cases involved, the trials that are occurring or will soon occur, and the pending appeals.

## SUPERVISORY RELIEF

The denial of a motion to vacate is an interlocutory order. *Donnie Derouen Electric Service v. McKay*, 406 So.2d 734 (La.App. 3 Cir. 1981). "Ordinarily, an application for supervisory writ is the appropriate vehicle for the review of an interlocutory judgment." *McGinn v. Crescent City Connection Bridge Auth.*, 15-165, p. 4 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 148.

The Plaintiffs contend that this writ application is untimely since the order that Union Pacific is really contesting is the one issued on June 13, 2017. The Plaintiffs contend that the motion to vacate filed by Union Pacific with regard to the October 10, 2018 Order "does nothing to cure the fact that Union Pacific failed to timely raise the issues of which it complains in June 2017, when the true ruling at issue was rendered."

We find the writ application timely. The October 10, 2018 Order differs from the prior orders because it includes the fees of the court reporter in the amount to be paid by Union Pacific, even though prior orders stated that the costs of the court reporter and other court personal would be borne equally by the parties until there was a judgment adopting or modifying the recommendation of the special master.

5

The court reporters are working with the Special Master when the individual trials are conducted. The May 18, 2017 Order provided that the court reporters' fees would be borne equally by the parties until a final judgment was issued. But that order was amended, and the amended order did not address the fees of the court reporters. Thereafter, the first order specifically to address the court reporters' fees was the October 10, 2018 Order. We find that, much like in *Lafferty v. Allstate Insurance Co.*, 36,119, 36,155, p. 3 (La.App. 2 Cir. 2/28/02), 806 So.2d 1000, 1003, *writ denied*, 02-718 (La. 3/22/02), 811 So.2d 938, the October 10 Order "effectively supplanted" the previous order so that this writ is timely.

Furthermore, this court stated that it did not reach the merits of the prior writ application because Union Pacific did not first raise the issues in the trial court. Union Pacific has now raised the issues in the trial court in the motion to vacate.

An order granting a motion for security for costs is an interlocutory judgment. *Johnson v. Kerry Brown, LLC*, 06-925 (La.App. 5 Cir. 3/13/07), 956 So.2d 3. The per curiam orders in this case are similar to an order requiring security for costs and are interlocutory because they do not address the merits of the claims. La.Code Civ.P. art. 1841. An interlocutory ruling is "subject to change or revision at any time prior to final judgment on the matter." *Kilber v. PNK (Lake Charles), LLC*, 16-173, p. 6 (La.App. 3 Cir. 9/28/16), 201 So.3d 943, 947. In this instance, the trial court did change the substance of the prior per curiam orders. Union Pacific's failure to seek supervisory relief from the first ruling is of no moment because it has been changed, and a new order has been issued. *See Regions Bank v. Weber*, 10-1169 (La.App. 4 Cir. 12/15/10), 53 So.3d 1284.

**COURT COSTS**

"The discretion of the trial court to assess court costs is vast[,] and is not subject to reversal unless there is an abuse of discretion." *Farrar v. Whaley*, 16-790, p. 19 (La.App. 3 Cir. 2/1/17), 211 So.3d 449, 461, *writ denied*, 17-409 (La. 4/13/17), 218 So.3d 626. Union Pacific argues that it is entitled to a de novo review because it is alleging errors of law in the trial court's application of the relevant statutes. *Alexander v. Menard*, 15-910 (La.App. 3 Cir. 9/28/15), 215 So.3d 766. If the trial court incorrectly applies an applicable statute, it is a legal error. *Platinum City, L.L.C. v. Boudreaux*, 11-559 (La.App. 3 Cir. 11/23/11), 81 So.3d 780. "Errors of law are reviewed de novo." *Fontenot v. Town of Mamou*, 18-301, p. 3 (La.App. 3 Cir. 12/19/18), ___ So.3d ___, ___.

The Special Master was initially appointed to oversee the liability phase of this litigation. When that phase was concluded by Union Pacific's stipulation that it was solely liable for the train derailment, the trial court re-appointed the Special Master. In the liability phase, the Plaintiffs and Union Pacific paid the Special Master in advance of the judgment, with each side bearing fifty percent of the fees. But when the damages phase began, the trial court ordered Union Pacific to pay one hundred percent of the Special Master's compensation and issued a series of Per Curiam Orders requiring Union Pacific to deposit money with the court to pay the Special Master.

Louisiana Revised Statutes 13:4165 provides for the appointment, duties, and compensation of special masters. According to the statute, the compensation "shall be reasonable, fixed by the court as limited by Subsection A . . . , and taxed as costs of court." La.R.S. 13:4165(D). Louisiana Code of Civil Procedure Article 1920 states that "[u]nless the judgment provides otherwise, costs shall be paid by the party

7

cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render any judgment for costs, or any part thereof, against any party, as it may consider equitable."

"The default rule is that the party cast in judgment is liable for all costs." *Davis v. State ex rel. DOTD*, 11-1386, p. 2 (La.App. 3 Cir. 4/11/12), 87 So.3d 396, 397. The jurisprudence recognizes that "'in the absence of some reason in equity or otherwise to control, costs generally follow the final judgment in favor of the prevailing party.'" *Johnson v. Marshall*, 202 So.2d 465, 469 (La.App. 1 Cir.), *writ refused*, 251 La. 217, 203 So.2d 555 (La.1967), *quoting Connolly v. Commercial National Bank in Shreveport*, 89 F.Supp. 976, 978 (W.D.La. 1950). This court has also held that "[t]he fixing of costs should not be determined prior to final adjudication of the suit." *Savoy v. Doe*, 315 So.2d 875, 876 (La.App. 3 Cir. 1975).

Louisiana Revised Statutes 13:4522 (footnote added) states, in part, that "[t]he defendant before pleading in all cases may by motion demand and require the plaintiff or intervenor to give security for the cost in such case[.]"[5] In *McGlynn & Glisson v. Donahue*, 17-183 (La.App. 1 Cir. 5/18/17) (unpublished writ decision), the court recognized that neither La.R.S. 13:1215 nor La.R.S. 13:4522 requires the defendant to post security for costs, reversed the trial court's ruling, and denied the plaintiff's *ex parte* motion seeking to have the defendant post security for costs. Based on this, Union Pacific argues that the Twenty-Seventh Judicial District Court Judges had no authority to order it, as a non-consenting defendant, to pay the

---

[5] Orleans Parish has its own provision, La.R.S. 13:1215, dealing with security for costs, and La.R.S. 13:4165 is inapplicable in Orleans Parish. Louisiana Revised Statutes 13:1215 also states that the defendant may require "the plaintiff or party prosecuting the cause to post a bond or other security." There is no provision allowing the plaintiff to demand security.

compensation of the Special Master before final judgments taxing that as costs have been rendered.

The Carriere Plaintiffs argue that because Union Pacific has been held to be solely at fault in causing this accident, it is solely responsible for the costs. Union Pacific counters that the stipulation was to liability only with a reservation of its right to contest the existence of any damages caused by the derailment. Accordingly, Union Pacific argues that if there are no damages, it should not have to pay costs.

In *Donavan v. Jones*, 26,883 (La.App. 2 Cir. 6/21/95), 658 So.2d 755, *writs denied*, 95-1786, 95-1891 (La. 11/3/95), 661 So.2d 1379, the trial court allocated forty percent of fault to one defendant, ten percent to the second defendant, twenty-five percent to the third defendant, and twenty-five percent to the plaintiff. It then assessed fifty percent of the costs to the first defendant and fifty percent to the second defendant. The second circuit upheld the allocation of fault but reversed the trial court's assessment of costs and re-assessed the costs in the same division as the allocation of fault. The second circuit found that since the trial court provided no explanation for the assessment of fault, there was "no reason to deviate from the usual allocation of costs." *Id*. at 768, *citing Broussard v. Delchamps, Inc.*, 571 So.2d 855 (La.App. 3 Cir. 1990), *writ denied*, 575 So.2d 370 (La.1991).

But, in *Davis*, 87 So.3d 396, a panel of this court found that the trial court acted within its discretion when it assessed one hundred percent of the costs to the DOTD even though the DOTD had been found to be only twenty-five percent at fault in the accident. There were three consolidated suits arising out of the accident, and the driver-plaintiff was killed in the accident. The parents of the guest passenger filed a motion to have one hundred percent of the costs assessed to the DOTD, but

9

the DOTD argued that it should only be assessed with twenty-five percent of the costs. The trial court, in assessing one hundred percent of the costs to the DOTD, reasoned that no percentage of fault could have been apportioned to the guest passenger and that the trial court declined to assess costs to the surviving children of the driver. That ruling was affirmed by this court, which noted that "[t]he trial court gave a reasoned explanation for its deviation from the default apportionment." *Id.* at 399.

In *Davis*, this court discussed *Donavan* and another case from the second circuit, *Starr v. State ex rel. DOTD*, 46,226, 46,227 (La.App. 2 Cir. 6/17/11), 70 So.3d 128, *writs denied*, 11-1835, 11-1952, 11-1625 (La. 10/21/11), 73 So.3d 826.[6] In *Starr*, where the DOTD was the only defendant, the second circuit affirmed the assessment of one hundred percent of the costs to the DOTD even though it had been found to be only twenty-four percent at fault. The driver in *Starr*, one of several plaintiffs, was the only plaintiff to be apportioned any fault.

Union Pacific asserts that there has been no record concerning what services have been rendered and paid for[7] and that by the time a final judgment is rendered, Union Pacific will have paid all of the costs even where the plaintiff may not recover any damages. In that case, Union Pacific argues that it will have no avenue to

---

[6] *Starr*, 70 So.3d 128, cited *Davis v. State, DOTD*, 94-308 (La.App. 3 Cir. 12/7/94), 647 So.2d 552, *writ denied*, 95-34 (La. 1/27/95), 649 So.2d 382, which is a completely different case than *Davis*, 87 So.3d 396. In *Davis*, 647 So.2d 552, this court upheld the trial court's assessment of all costs to the DOTD, which was apportioned only forty percent of the fault in a two-vehicle accident where the defendant driver settled before trial and was apportioned sixty percent of the fault at trial.

[7] Union Pacific contends that it has been given only an accounting from the court regarding checks issued from the Special Master Account but was not given the underlying invoices for any other explanation for the payments.

recover the funds except to bring a suit against the Special Master and individual official court reporters. Union Pacific asserts that this not a viable remedy.

The case at bar is different from all of these cases because damages were found in all the cited cases while no damages have yet been proven in these Union Pacific derailment cases. In *Fair v. Empire Fire & Marine Insurance Company*, 579 So.2d 1105 (La.App. 2 Cir. 1991), the second circuit found that the trial court did not abuse its discretion in assessing one hundred percent of the costs to the plaintiff where the jury found the defendant to be at fault in causing an accident but also found that the impact did not cause any damages. The court noted that under La.Code Civ.P. art. 1920, the trial court "may render judgment for costs, or any part thereof, against any party as it may consider equitable." *Fair*, 579 So.2d at 1108.

In the stipulation of liability signed by Union Pacific, Union Pacific agreed that it would "not at trial or on appeal urge a defense or present any evidence to prove that the derailment was the fault of any other party or entity or Act of God."

Union Pacific also argues that the fees of the Special Master are to be paid directly to the Special Master rather than into a private account from which the judges pay the Special Master. Union Pacific argues that the method utilized by the trial court takes away its right to argue that the fee is unreasonable and that the fee must be reasonable under La.R.S. 13:4165. However, there is nothing preventing Union Pacific from asking for an accounting from the court or from asking the court to see, or to be provided with copies of, the invoices submitted by the Special Master or from filing a rule to traverse the amounts claimed by the Special Master.

Louisiana Revised Statutes 13:4165(D) states that "[t]he master's compensation shall be reasonable, fixed by the court as limited by Subsection A of

this Section, and taxed as costs of court." There are very few reported cases dealing with the fees of the special master. In *Bezou v. Bezou*, 15-1879, p. 10 (La.App. 1 Cir. 9/16/16), 203 So.3d 488, 496, *writ denied*, 16-1869 (La. 12/5/16), 210 So.3d 814 (emphasis in original), the first circuit interpreted La.R.S. 13:4165(D) as follows: "Section 4165(D) clearly states that the trial court *shall* reasonably fix the compensation of the special master and tax that compensation as costs of court." There is nothing in the statute which prevents the method employed by the trial court in this case.

Based on the above-cited cases and the stipulation, the trial court did not commit an error of law in its application of the relevant statutes to this case when it assessed one hundred percent of the Special Master's costs to Union Pacific or when it required that the fees be advanced through deposits to the special account.

## COURT REPORTER FEES

Finally, Union Pacific argues that La.R.S. 13:961(E) and (F) provide that a court reporter's fee is to be paid out of either the general fund of the parish or by the parties as transcripts are requested and prepared. Union Pacific recognizes that there is an exception when the fee of the court reporter is part of the costs associated with a deposition taken for use at trial. In that case, the fee of the court reporter can be taxed as court costs. La.R.S. 13:4533.

The Plaintiffs explain that the Special Master's function is to conduct the individual trials and prepare a recommendation to the judge assigned to that case. As such, it is essential that there be an accurate record of the proceedings. But, while the individual trials are being conducted, the judges from the Twenty-Seventh Judicial District Court and their official reporters are required to carry on the

12

regularly scheduled trials, motions, etc. That means that the Special Master must employ independent court reporters to work in the train derailment trials. According to the Plaintiffs, then, the costs of the independent court reporters are included within the fees of the special master and should not be subject to the restriction contained in La.R.S. 13:961(E) and (F). If they are considered fees of the Special Master in this case, then the court reporter's fees can be taxed as court costs since La.R.S. 13:4165 specifically states that the fees of the special master "shall" be "taxed as costs of court."

"Th[e] equitable power to allocate costs is limited to costs that positive law identifies as taxable." *Certain St. Bernard Parish Government Computer Disks v. St. Bernard Parish Government ex rel. Ponstein*, 13-1054, p. 3 (La.App. 4 Cir. 12/18/13), 130 So.3d 56, 59, *writ denied*, 16-1026 (La. 9/16/16), 201 So.3d 252.

Neither side points to any jurisprudential authority for its position. We have found no reported cases that were directly on point. However, La.R.S. 13:961 speaks to "official court reporters" who receive a monthly salary from the general fund of the parish or parishes which they serve. Therefore, as noted by Union Pacific, the fees of the court reporter are considered to be a "public cost." Independent court reporters are being employed by the Special Master in this case, and it is unknown whether the court reporters used in this case are the ones who are regularly employed in the Twenty-Seventh Judicial District Court. The fees of the court reporters in this case should not be considered as a public cost because they are being employed by the Special Master for the specific purpose of conducting the trials in this train derailment case where Union Pacific has admitted liability. Therefore, this portion

13

of Union Pacific's writ application is denied since the trial court made no error in its refusal to apply La.R.S. 13:961.

## CONCLUSION

We find no error in the trial court's ruling, which assesses one hundred percent of the Special Master's fees and costs, including the fees of the court reporters in conducting the individual trials, and which requires advance deposits by Union Pacific into a special account set up for payments to the Special Master by the Twenty-Seventh Judicial District Court. All costs of this appeal are assessed to the Defendant/Applicants, Union Pacific Railroad Company.

**WRIT DENIED**.