YELVERTON, Judge.
This is an appeal from a default judgment in a redhibition suit. The trial court granted the buyer a judgment ordering a reduction in price of the entire purchase price plus the amount paid for the extended warranty contract, and allowing the buyer to keep the car. The defendant seller appealed. We reverse in part, affirm in part, and amend and recast the judgment so as to award a rescission of the sale and not a reduction of the price.
*1028 The evidence presented at the confirmation of default showed that Patrick Hanley and his wife purchased a 98 diesel Oldsmobile from Regency Olds GMC, Inc. on October 12, 1984, for $17,450. Within a few weeks of purchase they began to experience trouble with the car. During the first year of purchase the Hanleys returned the car to Regency numerous times complaining of engine problems and other difficulties such as speedometer, antenna and locks not working, and excessive exhaust smoke. It is apparent from the record that most problems kept recurring and evidently were not repaired by Regency. In the Fall of 1985 the Hanleys filed for arbitration. The arbitrator’s decision allowed the Hanleys to choose another dealer to repair the vehicle. The Hanleys chose W. F. Wilson Company in Lake Charles and the vehicle was brought in for repairs five times between December 24, 1985, and March 22, 1986. The vehicles continued to experience problems with the engine.
This suit was filed on March 19, 1986, seeking rescission of the sale. The evidence made it clear that plaintiffs would not have purchased the vehicle had they known of the problems. At the time of the confirmation of default the vehicle had been driven 37,000 miles. The trial court, responding to a request of plaintiffs’ counsel made in closing argument, granted a reduction in price instead of a rescission. The trial court evidently found that the car was absolutely useless and ordered the return of the entire purchase price as well as the cost of the extended warranty.
From that judgment the plaintiff appealed raising the following issues:
1) The trial court erred in granting a reduction of price without proof of tender for repair;
2) The trial court erred in granting a reduction in price; and
3) The trial court erred in not awarding a credit for use to Regency.
The applicable La.Civ.Code articles are as follows:
Art. 2520. Redhibition, definition
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
Art. 2531. Liability of seller in good faith for restitution of price
The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
Art. 2541. Reduction of price for vices warranting redhibition
Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.
Art. 2543. Redhibition and reduction as alternative demands
The purchaser who has contented himself with demanding a reduction of the price, can not afterwards maintain the redhibitory action.
But in a redhibitory suit, the judge may decree merely a reduction of the price.
Concerning the first issue, the evidence is quite clear that plaintiffs tendered the vehicle to Regency numerous times during the first year of purchase and that Regency was unable to repair the vehicle satisfactorily. We find no merit to this argument.
Concerning defendant’s second issue, we do find that the trial court erred in *1029 granting a reduction in price instead of a rescission. In a redhibition suit where the purchaser seeks rescission of the sale the trial court, if the evidence establishes only a partial failure of consideration, has discretion to grant a reduction in price. Civ. Code art. 2543; Cloud v. Huffman Motor Co., Inc., 416 So.2d 266 (La.App. 3rd Cir.1982). In the present case it is quite clear that the trial court found the vehicle absolutely useless, or its use so inconvenience that the plaintiffs would not have purchased the vehicle had they known of the vices. It is also clear that the trial court did not find a partial failure of consideration, since he awarded a “reduction” of the entire purchase price. Therefore, under the evidence presented at the default hearing, the trial court had no discretion in the granting of relief. It was limited to granting a rescission.
Under Civ. Code art. 2531 a buyer entitled to rescission is entitled to the return of the purchase price and reimbursement of all reasonable expenses occasioned by the sale, subject to credit for the value of use which the purchaser has drawn from the item. Under the facts of the present case we find the Hanleys are entitled to the return of the purchase price, and a return of the cost of their extended warranty, as an expense occasioned by the sale. However, the evidence also showed that the vehicle had been driven over 37,000 miles at the time of the hearing. We therefore find that the defendant is entitled to a credit of 10 cents a mile for the use the Hanleys received from this vehicle ($3700).
Having so concluded, we reverse the judgment to the extent that it ordered a reduction of the price. We render judgment ordering a rescission. We amend the award, allowing a credit for use of $3700, and render judgment for plaintiffs against the defendant in the amount of $14,100. We render judgment ordering the Hanleys to return the vehicle to the defendant. In all other respects the judgment is affirmed. Costs of this appeal are to be paid by plaintiffs.
REVERSED IN PART; AFFIRMED IN PART; AMENDED AND RENDERED.