# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1169

DENISE E. GRONLUND

VERSUS

MIKE DONNER, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20102803
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED AS AMENDED.

William S. Bordelon
Bordelon & Shea, LLP
P. O. Drawer 2317
Houma, LA 70360
(985) 876-3377
COUNSEL FOR DEFENDANT/APPELLEE:
    Blazer Boats, Inc.

James L. Bullen
Lauren L. Gardner
Dennis, Bates & Bullen, LLP
P. O. Box 53319
Lafayette, LA 70505
(337) 237-5900
COUNSEL FOR DEFENDANT/APPELLEE:
    Mike Donner, LLC

**Kevin R. Duck**
**Duck Law Firm, LLC**
**5040 Ambassador Cafferry**
**Abraham Center, 2nd Floor**
**Lafayette, LA 70508**
**(337) 406-1144**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Denise E. Gronlund**

**Richard C. Dalton**
**Richard C. Dalton, LLC**
**111 Park West Drive**
**Scott, LA 70583**
**(337) 262-0700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Denise E. Gronlund**

**GREMILLION, Judge.**

In this redhibition action, the plaintiff/appellant, Denise E. Gronlund Blanchard (Gronlund), appeals the judgment in her favor against Blazer Boats, Inc. For the reasons that follow, we affirm.

### FACTS

Gronlund ordered a 2008 Blazer 2220 boat and Mercury motor from Mike Donner, LLC (Donner), an authorized dealer of Blazer boats, which was delivered on Friday, June 13, 2008. The total price of the boat, motor, and trailer was $40,764.00. The boat was a gift to her fiancé, now husband, Christopher Blanchard (Blanchard). When Gronlund took delivery of the boat, it was missing a seat, a swim platform, and a cover. Gronlund and Blanchard were upset that the bimini top was scratched, but they were assured by Mike Donner that it would be replaced. Donner attempted to start the boat, but had difficulty getting the engine primed with fuel because a check valve on the fuel tank was sticking. Donner rectified the problem by replacing the parts before the boat left its lot. Gronlund and Blanchard wanted to use the boat over the weekend. Mike Donner urged them to take the boat and use it over the weekend. He asked them to note any other problems and return it Monday morning for those to be addressed.

On Monday, June 16, 2008, Blanchard returned the boat to Donner with some issues that needed addressing. A service advisor wrote a repair ticket that noted the following problems: a scratch on the forward port hull section that needed fiberglass repair; a bad crack in the bottom side of the runner; bubbling under the rub rail; cracking at the starboard aft shell; cuts to the rub rail; a sticking fuel tank check valve; the fuel bulb diaphragm was not working properly; the speedometer was not working; the key would spin when the ignition switch was turned; the boat cavitated; the aforementioned scratches to the bimini top; the

missing swim platform, seat, and boat cover. Warranty claims were submitted on all these items by Donner, and the boat was returned to Blazer.

Donner returned the boat to Blanchard in time for him to take it to Austin, Texas over the July 4 weekend. However, Blanchard returned to Donner on July 11, 2008, for the boat's twenty-hour service interval. He also pointed to some cracking around the boat's transom. Mike Donner thought this was cracking to the gel-coat finish, a purely cosmetic flaw, but told Blanchard he would return the boat to Blazer to address the issue. Blanchard was not satisfied with having the boat repaired, and, in an e-mail to Donner and Butch Borrel of Blazer, demanded that Blazer replace the hull. On July 21, 2008, Blanchard returned the boat for repair of a pull-off rigging tube and issues with the trolling motor and ignition switch.

On October 20, 2008, Blanchard brought the boat back to Donner. The boat had struck an unmarked oyster reef in the Gulf of Mexico. Donner sent the boat for fiberglass repair to A-1 Fiberglass.

According to Blanchard, a number of problems were not repaired properly. These included problems with rivets or fasteners becoming unfastened on the wind shield, various cracks including at the transom, and peeling under the hull. Blanchard testified that he was deprived of possession of the boat for around forty-five days in 2008. He last used the boat in June 2010.

On April 26, 2010, Gronlund filed suit in redhibition against Donner, Blazer, and Brunswick Corporation, manufacturer of the Mercury motor. Brunswick filed a motion for summary judgment. That motion was not opposed, and Brunswick was dismissed from the suit on December 13, 2010. Donner denied Gronlund's allegations and filed a third-party demand against Blanchard alleging his negligent operation of the boat resulted in much of the damage to the boat that Gronlund asserted was the result of latent defects.

The matter was tried before the bench. The trial court found that the defects in the boat did not render it so useless, inconvenient, or imperfect that Gronlund would not have purchased the boat had she known of them. Accordingly, the trial court awarded Gronlund reduction of the purchase price in the amount of $1,000 plus interest against Blazer. The trial court refused to award attorney fees. Each of the parties was ordered to pay the costs of court she or it had incurred. Gronlund then perfected this appeal.

## ASSIGNMENTS OF ERROR

Gronlund asserts the following assignments of error:

> 1. The Trial Court committed manifest error and abused its discretion in failing to award a full rescission of sale to Denise E. Gronlund.

> 2. In the alternative, if a reduction in price is appropriate, the Trial Court committed manifest error and abused its discretion in awarding only $1,000 as a reduction in price for a boat with multiple manufacturing defects that rendered the vessel imperfect and inconvenient.

> 3. The Trial Court committed manifest error and abused its discretion in failing to find the seller, Mike Donner, LLC, liable for their negligent repairs and failing to award Denise E. Gronlund damages for same.

> 4. The Trial Court abused its discretion in failing to award attorney fees where the Trial Court found that redhibitory defects existed at the time of sale.

> 5. The Trial Court abused its discretion in ordering the plaintiff to pay her own court costs where the Trial Court found that redhibitory defects existed at the time of sale and rendered judgment in favor of the plaintiff.

Blazer did not appeal the judgment.

## ANALYSIS

### *Redhibition*

In Louisiana, a seller warrants the buyer against redhibitory vices or defects in the thing sold. La.Civ.Code art. 2520.

3

> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

*Id.* Only defects that exist at the time of delivery are warranted, but a defect is presumed to have existed at the time of delivery if it appears within three days of delivery. La.Civ.Code art. 2530.

No warranty is extended to the buyer who knows of a defect at the time of sale, or for defects that should have been discovered by a reasonably prudent buyer. La.Civ.Code art. 2521. Thus, an action in redhibition only lies for defects that are not readily apparent or are hidden. The buyer must notify the seller of the defects in such a time as to allow the seller the opportunity to make the required repairs, unless the seller knows of the defects. La.Civ.Code art. 2522.

The remedies available against sellers depends upon the seller's knowledge of the defects:

> A seller who did not know that the thing he sold had a defect is only bound to repair, remedy, or correct the defect. If he is unable or fails so to do, he is then bound to return the price to the buyer with interest from the time it was paid, and to reimburse him for the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, less the credit to which the seller is entitled if the use made of the thing, or the fruits it has yielded, were of some value to the buyer.

La.Civ.Code art. 2531. But:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have

4

yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.

A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

La.Civ.Code art. 2545. The presumption of knowledge on the part of the manufacturer is conclusive. *Dickerson v. Begnaud Motors, Inc.*, 446 So.2d 536 (La.App. 3 Cir.1984).

A trial court's determination of the existence of a redhibitory defect is a question of fact that may not be disturbed absent manifest error. *Malmay v. Western Star Trucks*, 05-193 (La.App. 3 Cir. 6/1/05), 903 So.2d 1208. When the buyer seeks rescission of the sale, the trial court may limit the buyer's remedy to reduction of the purchase price. La.Civ.Code art. 2541. The trial court's decision to limit the buyer's remedy to reduction of the purchase price is only reversible when it constitutes an abuse of discretion. *Hanley v. Regency Olds GMC, Inc.*, 509 So.2d 1027 (La.App. 3 Cir.1987). Further, the amount awarded is reviewed under the abuse-of-discretion standard. *Harper v. Coleman Chrysler-Plymouth-Dodge, Inc.*, 510 So.2d 1366 (La.App. 3 Cir.1987).

*Rescission of sale and reduction of the purchase price*

The trial court's ruling can be distilled to a statement that Gronlund failed to carry her burden of proof. For instance, the trial court noted that while Blanchard testified that there were cracks in the hull between August 2008 and the October incident in which it struck the oyster reef, no photographs memorialized such damage. Also, while Blanchard testified that the transom was cracked even after August 2008, the trial court noted that Blanchard used the boat prior to and including the oyster reef incident without complaining to Donner about any transom cracking. The trial court found the fact that evidence of a cracked transom was lacking before the oyster reef incident troubling. Lastly, Gronlund failed to

5

establish any valuation of either the costs of repairing the damage or of the diminished value of the boat. Indeed, the only evidence adduced at trial about the cost of any repair was given by Mike Donner on direct examination after plaintiff had rested her case. Mike Donner testified about the cost of repairing the issues with the windshield, which he estimated would be about $250.00.

Under these circumstances, we cannot conclude that the trial court abused its discretion in failing to rescind the sale or in the amount it awarded in reduction of the purchase price. Gronlund's assignments of error one and two are without merit.

*Liability of Donner*

Gronlund also complains that the trial court manifestly erred in failing to award damages against Donner for negligent repairs. The only non-warranty repair performed on the boat occurred after Blanchard grounded the boat on the oyster reef. That repair totaled $3,580.01 and was turned over to A-1 Fiberglass by Donner. Blanchard was aware that Donner intended to have the work performed by a third party. Blanchard testified at trial that he inspected the repair when he picked it up. He thought that the cracking was the result of a manufacturing defect because the cracks appeared both before and after the oyster reef incident. And after the repair by A-1, Blanchard did not complain of problems with the repair. Given these facts, we cannot conclude that the trial court manifestly erred in finding Donner free from fault.

*Attorney fees*

Gronlund maintains that the trial court abused its discretion in refusing to award attorney fees. Under La.Civ.Code art. 2545, a seller who knows of a defect and fails to disclose it "is liable to the buyer . . . for damages and reasonable attorney fees." A manufacturer is deemed to have knowledge of a redhibitory

6

defect. *Id.* The trial court erred in failing to award attorney fees. We amend the judgment to award Gronlund $1,000.00 in attorney fees.

### *Court cost allocation*

Lastly, Gronlund complains that the trial court abused its discretion in its allocation of costs of court. Louisiana Code of Civil Procedure article 1920 governs the assessment of costs of court, and establishes a "default rule" assessing costs in favor of the prevalent party in the litigation. *Davis v. State ex rel. DOTD*, 11-1386, p. 2 (La.App. 3 Cir. 4/11/12), 87 So.3d 396, 397. However, the law also recognizes that the trial court is vested "with vast, but not unbounded, discretion in assessing costs." *Id,* at 398. Gronlund maintains that there is no equitable basis for the trial court allocating costs against her. The trial court's reasons for judgment do not address the taxation of costs. The judgment that was submitted to the trial court left a blank space for the trial judge to allocate costs, and the trial judge hand-wrote, "Each party bear their own costs." We are left to speculate why the trial court chose to allocate costs as it did, but note that in its reasons for judgment the trial court expressed its concern that the failure of Gronlund to carry her burden of proof made it difficult to parse out any redhibitory defects from the damage that resulted from the grounding. Under these circumstances, we cannot conclude that the trial court abused its vast discretion in allocating costs.

## CONCLUSION

There is no doubt that some defects were found in the Blazer boat when it was delivered. Other problems surfaced after delivery. Ultimately, Gronlund failed to prove what defects continued to plague her ownership and enjoyment of the boat outside a small group. She also failed to prove what it would cost to repair the boat or the degree to which the boat's value has been diminished. We

7

affirm the trial court's ruling. All costs of this appeal are taxed to plaintiff/appellant, Denise E. Gronlund.

**AFFIRMED AS AMENDED.**